UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1285] |
| v. | : | |
| HARRY R. HUBBARD, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Harry R. Hubbard requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] Defendant argues relief should be granted because of family circumstances, and because his sentence is overlong due to his status as a career offender.[2] The Government opposes Hubbard's request.[3] Defendant Hubbard replied.[4]

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[5] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[6]

For the following reasons, the Court **DENIES** Defendant Hubbard's motion for compassionate release.

---

[1] Docs. 1285; 1296.
[2] *Id.*
[3] Doc. 1297.
[4] Doc. 1298.
[5] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[6] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).

Case No. 1:14-cr-00214
GWIN, J.

I. Background

On November 26, 2014, Defendant Hubbard pled guilty to conspiracy to possess with the intent to distribute controlled substances.[7] The parties agreed that Hubbard's base offense level was 36.[8]

On April 1, 2015, the Court sentenced Hubbard.[9] The Court found that Hubbard possessed a firearm during the commission of the offense and that he was a career offender. Based on that, Hubbard's offense level was raised to a 37.[10] Hubbard received an adjustment for acceptance of responsibility and a departure.[11] The Court set his final offense level at 30.

The Court found Hubbard to be a criminal history category VI based upon his past convictions. Independently, the Court also found he qualified for a criminal history category VI because of his career offender status.[12]

Hubbard's offense level and criminal history category resulted in a guideline range of 168 to 210 months' imprisonment. The Court sentenced Hubbard to 160 months imprisonment and 10 years of supervised release.[13]

II. Discussion

Hubbard moves for compassionate release. He says that relief should be granted because of family circumstances, and because, if sentenced today, he would not qualify as a career offender and his sentence would be shorter.[14] The Government opposes.[15]

A. Exhaustion

---

[7] Doc. 429.
[8] *Id.* at 6.
[9] Doc. 718. *See also* Doc. 721.
[10] Doc. 803 at 6.
[11] *Id.* at 6, 15, 16.
[12] *Id.* at 6–7.
[13] *Id.* at 23–24.
[14] Docs. 1285; 1296 at 4.
[15] Doc. 1297.

Case No. 1:14-cr-00214
GWIN, J.

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[16] On June 4, 2021, Hubbard's request for compassionate release was denied by the FCI McDowell warden.[17] Because more than 30 days have passed since Hubbard's request, he has satisfied the exhaustion requirement.

### B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[]."[18]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[19] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[20] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[21]

Defendant Hubbard's motion raises two arguments for compassionate release: his family circumstances and his long sentence.[22] The Government disagrees.[23]

#### a. Family Circumstances

---

[16] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[17] Doc. 1285-1.
[18] 18 U.S.C. § 3582(c)(1)(A).
[19] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[20] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[21] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[22] Doc. 1296 at 4.
[23] Doc. 1297.

Case No. 1:14-cr-00214
GWIN, J.

Defendant Hubbard argues that his need to care for his elderly, ailing mother constitutes an extraordinary and compelling reason warranting compassionate release.[24] While under certain circumstances this Court has found that caring for an elderly parent constitutes grounds for granting a motion for compassionate release, the circumstances here do not provide that grounds.[25]

Defendant's mother is 67 years old, had a 2021 knee replacement, and "had a stroke in the past."[26] Defendant is the only available caretaker.[27] While this Court regrets the Defendant's mother's health condition, her knee condition is not an "extraordinary" circumstance warranting a reduction in sentence.[28]

### b.  Career Offender Status

Defendant Hubbard argues he should not have been classified as a career offender because his instant offense is not a crime of violence or a controlled substance offense.[29]

A defendant qualifies as a career offender if (1) he was eighteen or older at the time he committed the instant offense; (2) the instant offense was a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense.[30]

In *United States v. Havis* and its progeny the Sixth Circuit held that federal drug

---

[24] Doc. 1296 at 4.
[25] See *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *2–3 (N.D. Ohio Oct. 17, 2019) (granting compassionate release when defendant was the only available caretaker for his terminally ill mother who required expensive, non-traditional treatment due to a genetic issue and defendant had received an unusual and lucrative job opportunity based on a book he wrote that would allow him to assist with his mother's medical costs, and support himself).
[26] Doc. 1301-2.
[27] Doc. 1298 at 2. Defendant Hubbard is an only child, and his mother has reported that she has no one else to care for her.
[28] See *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (finding the need to care for elderly parents alone is not an "extraordinary" circumstance because "[m]any, if not all inmates, have aging and sick parents.").
[29] Doc. 1296 at 4.
[30] USSG § 4B1.1(a).

- 4 -

Case No. 1:14-cr-00214
GWIN, J.

conspiracy offenses cannot serve as the basis for career offender status.[31]

After being indicted for a large number of heroin distribution counts and after admitting he committed those heroin distributions, Hubbard pled guilty to one count of conspiracy to sell drugs.[32] Likely because it did not foresee *Havis* and because real-offense sentencing applied, the Government moved to dismiss Hubbard's distribution counts.

The Sixth Circuit has further clarified, however, that its decision in *Havis* is not retroactively applicable and cannot serve as the basis for collateral relief.[33] Courts in this Circuit have therefore declined to view *Havis*—and the fact that a defendant convicted of a federal drug conspiracy offense in the past might not be eligible for career offender status under current law—as an extraordinary and compelling reason for compassionate release.[34]

Further, even if *Havis* did constitute an extraordinary and compelling reason for individuals sentenced as career offenders for a federal drug conspiracy conviction, it would not benefit Defendant Hubbard. Hubbard was originally charged with multiple counts of heroin distribution.[35] Hubbard admitted to possession with intent to distribute and the distribution of controlled substances in his plea colloquy.[36] Any of these distribution counts would have resulted in the appropriate application of the career offender

---

[31] *United States v. Uminn*, 820 F. App'x 353, 359 (6th Cir. 2020) (citing *United States v. Havis*, 927 F.3d 382, 386–87 (6th Cir. 2019) (en banc), *recon. denied* 929 F.3d 317; *United States v. Stephens*, 812 F. App'x 356, 356 (6th Cir. 2020); *United States v. Butler*, 812 F. App'x 311, 314–15 (6th Cir. 2020).

[32] Doc. 721 at 1. Defendant Hubbard pled guilty to 21 U.S.C §§ 846, 841(b)(1)(A) & 841(a)(1) Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, Cocaine Base and Cocaine.

[33] *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

[34] *See, e.g., United States v. McKinnie*, No. 1:16CR304, 2020 WL 5087058, at *3 (S.D. Ohio Aug. 27, 2020) (("[T]he Court holds that the Sixth Circuit's recent decision in *United States v. Havis* . . . cannot serve as an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A). . . . [T]he Sixth Circuit has previously determined that the same argument that Defendant advances cannot support relief on a collateral attack. It makes little sense therefore to allow Defendant to circumvent that decision by using a different statute to attack the length of his sentence."); *United States v. Greene*, No. 20-15709, 2020 WL 3118645, at *1 (E.D. Mich. June 11, 2020) ("The Sixth Circuit's decision[ ] in ... *Havis* do[es] not fall within any of the limited circumstances where courts are empowered to modify a defendant's sentence under § 3582(c).").

[35] Doc. 1.

[36] Doc. 429 at ¶ 48.

Case No. 1:14-cr-00214
GWIN, J.

designation. Therefore, this intervening change in law does not constitute an extraordinary and compelling reason warranting a sentence reduction in this case.

### c. 18 U.S.C. § 3553(a) Factors

Once a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[37]

In this case, the Court has not identified any extraordinary and compelling reason warranting a sentence reduction. Even if it had, the § 3553 factors would weigh against granting the motion for compassionate release. Prior to this offense, Defendant Hubbard had multiple felony convictions for large quantities of drugs.[38] Hubbard also had a prior manslaughter conviction.[39] Further, he was a high-level leader in the instant drug conspiracy.[40] A sentence reduction is not warranted.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Hubbard's motion for compassionate release.

IT IS SO ORDERED.

Dated: November 8, 2021  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[37] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".
[38] Doc. 803 at 22.
[39] *Id.*
[40] *Id.* at 21.

- 6 -