UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214-3 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 1380, 1381] |
| v. | : |  |
| HARRY R. HUBBARD, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Harry R. Hubbard moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and a sentence reduction under 18 U.S.C. § 3582(c)(2) and recent amendments to the United States Sentencing Guidelines.[1]

On November 26, 2014, Hubbard pled guilty to one count of conspiracy to possess with intent to distribute heroin, cocaine base, and cocaine.[2] At sentencing, the Court found that Hubbard had a total offense level of 30 and Criminal History Category (CHC) VI, which gave a guidelines range of 168 to 210 months.[3] The Court sentenced Hubbard to 160 months imprisonment followed by 10 years supervised release.[4]

With the present motions, Hubbard argues that intervening changes in law may qualify him for relief. Specifically, Hubbard references Amendment 821 to the Sentencing Guidelines and the Sixth Circuit's 2019 decision, *United States v. Havis*.[5] The government

---

[1] Docs. 1380, 1381. Hubbard's public defender filed a notice of no intent to supplement his motions. Doc. 1385.
[2] Doc. 429.
[3] Doc. 803, PageID #: 5032-33.
[4] *Id.*, PageID #: 5039.
[5] 927 F.3d 382 (6th Cir. 2019) (en banc).

Case No. 1:14-cr-00214-3
GWIN, J.

opposes both motions, arguing that Hubbard does not qualify for Amendment 821 relief and has not shown extraordinary and compelling reasons warranting compassionate release.

For the following reasons, the Court DENIES Defendant Hubbard's motion for compassionate release and motion for a sentence reduction under Amendment 821.

## I. DISCUSSION

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[6]  Two such sentencing modification authorities are relevant here:  18 U.S.C. § 3582(c)(1)(A), that allows the Court to reduce a defendant's sentence upon a sufficient showing for compassionate release; and 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7]

Any reduction under either provision must be "consistent with the applicable policy statements issued by the Sentencing Commission."[8]  The court must also consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[9]

### A. Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after

---

[6] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[7] 18 U.S.C. § 3582(c)(2).
[8] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[9] *Elias*, 984 F.3d at 519; *Dillon*, 560 U.S. at 826.

Case No. 1:14-cr-00214-3
GWIN, J.

the defendant sent a compassionate release request to their warden.[10] Defendant Hubbard has shown that he has exhausted this administrative requirement.[11]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[12] Hubbard argues that recent amendments to United States Sentencing Guidelines § 1B1.13, which lists categories of extraordinary and compelling reasons for compassionate release, apply to his sentence.

Specifically, Hubbard invokes § 1B1.13(b)(6) and (c), which provide:

> (6). UNUSUALLY LONG SENTENCE—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

> (C). LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any reduction.[13]

Hubbard argues that the Sixth Circuit's 2019 *Havis* decision qualifies as a "change in law" under these provisions. Hubbard says that he should not have been classified as a

---

[10] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[11] Doc. 1380-1, PageID #: 8712.
[12] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[13] U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).

- 3 -

Case No. 1:14-cr-00214-3
GWIN, J.

career offender since, in *Havis*, the Sixth Circuit held that attempted drug-trafficking offenses are not controlled substance offenses sufficient to trigger the career offender enhancement.[14]

Hubbard has not shown extraordinary and compelling reasons warranting compassionate relief under these provisions.

First, Hubbard does not qualify for relief under § 1B1.13(b)(6). Hubbard did not receive an unusually long sentence. The Court originally sentenced Hubbard to 160 months. This was below his guideline range of 168 to 210 months. The Court reasoned a lower sentence was appropriate due to Hubbard's community support and the age at which he'll be released.[15] Other Sixth Circuit courts have held that sentences much longer than 160 months are not "unusually long" for § 1B1.13(b)(6)'s purposes.[16]

Hubbard has not shown a change in law that benefits him. In *United States v. McCall*, the Sixth Circuit reasoned that because *Havis* is a "nonretroactive judicial decision announcing a new rule of criminal procedure," that decision cannot serve as an extraordinary and compelling reason for compassionate release.[17] "The nonretroactivity of judicial precedent like *Havis* is the rule, not the exception."[18] So, it cannot be either "extraordinary" or "compelling," and the Court may not consider it in evaluating Hubbard's motion.[19]

---

[14] *Havis*, 927 F.3d at 387.
[15] Doc. 802, PageID #: 5040.
[16] Compare *United States v. Wilson*, No. 13-cr-20369-02, 2020 WL 1342618, at *3 (E.D. Mich. Mar. 29, 2024) (finding life sentence not unusually long); *United States v. Dukes*, No. 2:10-078, 2023 WL 8458228, at *2 (E.D. Ky. Dec. 6, 2023) (finding 223-month sentence not unusually long), with *United States v. Brown*, No. 295-cr-66(2), 2024 WL 409062, at *7 (S.D. Ohio Feb. 2, 2024) (finding 119-year sentence to be unusually long).
[17] *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc).
[18] *Id.* at 1065. The Sixth Circuit decided *McCall* prior to the Sentencing Commission's enactment of § 1B1.13(b)(6). However, "[t]hat a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system." *McCall*, 56 F.4th at 1065. Sixth Circuit courts have since applied *McCall*'s reasoning in the wake of § 1B1.13(b)(6). *See, e.g., United States v. Proctor*, No. 5;11-cr-30, 2024 WL 324784, at *2 (W.D. Ky. Jan. 29, 2024).
[19] The Court previously discussed *Havis*'s applicability to Hubbard's previous compassionate release motion and held the same. *See* Doc. 1302, PageID #: 8174.

Case No. 1:14-cr-00214-3
GWIN, J.

Even assuming the Court may properly consider *Havis*, Hubbard would still qualify for the career offender enhancement.

A defendant qualifies as a career offender if (1) he was eighteen or older; (2) the instant offense was a felony that was either a crime of violence or a controlled substance offense; and (3) the defendant had had at least two prior felony convictions of either a crime of violence or a controlled substance offense.[20]

U.S. Sentencing Guideline § 4B1.2(d) was amended on November 1, 2023, to include inchoate offenses, such as conspiracy, within the definition of "controlled substance offense."[21]  Hubbard's instant offense—conspiracy with intent to distribute controlled substances—qualifies him as a career offender.  So, Hubbard's career offender status would remain unchanged under the amended § 4B1.2(d).[22]

Second, Hubbard does not qualify for relief under § 1B1.13(c).  Construing Hubbard's pro se motion liberally,[23] Hubbard's grounds for compassionate relief in his request to the warden are not extraordinary or compelling.[24]  Hubbard is ineligible for good time credit, due to his involvement as a leader in the conspiracy to distribute heroin.[25]  Second, he has not demonstrated evidence of his exposure to Legionnaire's disease, much less that he is suffering from it.  Hubbard has not shown that other extraordinary and compelling reasons exist, so there is nothing for the Court to consider together with a nonretroactive change in law.

---

[20] U.S. Sent'g Guidelines Manual § 4B1.1(a) (U.S. Sent'g Comm'n 2023).
[21] *Id.*, § 4B1.2(d).
[22] *See United States v. Livesay*, No. 3:18-CR-36, 2023 WL 8101845, at *11 (E.D. Tenn. Nov. 21, 2023).
[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[24] Doc. 1381-1, PageID #: 8716.
[25] 18 U.S.C. § 3632(d)(4)(D)(lxv).

Case No. 1:14-cr-00214-3
GWIN, J.

### B. Amendment 821

Hubbard also raises the possibility of relief under Amendment 821 to the sentencing guidelines.

Amendment 821, Part A, changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[26] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[27]

At sentencing, the Court found that Hubbard had fourteen criminal history points, plus two status points for committing the instant offense while under a criminal justice sentence.[28] Hubbard thus received a CHC of VI. Additionally, Hubbard's status as a career offender automatically resulted in a CHC of VI.[29]

Amendment 821, Part A reduces Hubbard's status points from two to one. However, this does not reduce his Criminal History Category[30] and therefore does not change Hubbard's guideline range. Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[31] And under § 1B1.10(a)(2)(B), a defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[32]

---

[26] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[27] *Id.*
[28] Doc. 714, PageID #: 4518.
[29] *Id.*
[30] *See* U.S. Sent'g Guidelines Manual, § 5A (U.S. Sent'g Comm'n 2023) (Sentencing Table).
[31] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[32] U.S.S.G. § 1B1.10(a)(2)(B).

- 6 -

Case No. 1:14-cr-00214-3
GWIN, J.

Hubbard is not eligible for a sentence reduction under Amendment 821, Part B, because that provision only applies to defendants with no criminal history points.[33]

For these reasons, Hubbard is not eligible for a sentence reduction under Amendment 821.

### C. 18 U.S.C. § 3553(a) Factors

The § 3553(a) factors support granting neither Hubbard's motion for compassionate release nor his motion for sentence reduction under Amendment 821. Hubbard has not identified any changes since his sentencing that would warrant rebalancing. At Hubbard's sentencing, the Court found that Hubbard's criminal history involved multiple felony convictions for large quantities of drugs.[34] Hubbard has a prior manslaughter conviction and was a high-level leader in the drug conspiracy related to the instant offense.[35] The Court finds that Hubbard's current 160-month sentence adequately considers these factors, as well as his community support and reduced risk of recidivism due to age upon release.

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Hubbard's motion for compassionate release. The Court also DENIES Defendant Hubbard's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated: April 8, 2024           *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[33] U.S. Sent'g Guidelines Manual, § 4C1.1 (U.S. Sent'g Comm'n 2023).
[34] Doc. 803, PageID #: 5037.
[35] *Id.*, PageID #: 5057-38.